UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RA'MAR DANIELS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-02939-JPH-DML |
| | ) | |
| DENNIS REGAL, | ) | |
| HOUCHINS, | ) | |
| MEDICAL, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Screening Amended Complaint and Directing Service of Process**

Plaintiff Ra'mar Daniels is a prisoner currently incarcerated at Pendleton Correctional Facility. He alleges in this civil action that several defendants failed to protect him from assault by bodily waste on September 14, 2021, and that defendant Bagienski denied him medical treatment on numerous occasions. Because Mr. Daniels is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his amended complaint before service on the defendants.

**I. Screening Standard**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the amended complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the amended complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the

> plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## II. The Amended Complaint

The amended complaint names five defendants: Warden Dennis Regal, Assistant HSA Melissa Bagienski, Grievance Specialist Christina Conyers, Sgt. Jarrod Gray, and Caseworker Tanya Ashby. Mr. Daniels alleges that another inmate in his cellhouse threw bodily waste on him on September 14, 2021. He also alleges that he had warned defendants Regal, Conyers, Gray, and Ashby, of the threats being made against him by inmates in his cellhouse before he was attacked, but they did not take action in response.

Mr. Daniels alleges that Melissa Bagienski denied him medical treatment on several occasions, including after he was drugged by another inmate.

He seeks injunctive relief and compensatory and punitive damages.

The Court notes that Mr. Daniels attached 65 pages of exhibits to his amended complaint. While the Court may consider documents attached to a complaint, it is the plaintiff's burden to plead a short and plain statement of the claim. Fed. R. Civ. P. 8(a)(2); *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013). In this case, the attached exhibits are not necessary and their inclusion imposes an unjustified burden on the Court. The Court will not sift through the documents and try to discern their potential relevance at the pleading stage. *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (stating that attachments to a complaint may be stricken).

### III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, certain claims are dismissed while other claims shall proceed as submitted. First, to state a claim under § 1983 for medical mistreatment or the denial of medical care against defendant Bagienski, Mr. Daniels must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Deliberate indifference exists only when an official "knows of and disregards an excessive risk to an inmate's health; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (construing *Estelle*). Mr. Daniels' complaint does not allege that he suffered any harm as a result of ingesting drugs. Nor does he provide any factual allegations regarding other instances of defendant Bagienski denying him medical care. Therefore, his claims against her are **dismissed** for failure to state a claim.

Second, Eighth Amendment failure to protect claims against defendants Regal, Conyers, Gray, and Ashby arising out of the September 14, 2021, incident **shall proceed**.

This summary of claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If Mr. Daniels believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through August 25, 2022,** in which to identify those claims.

### IV. Preliminary Injunction

In his request for relief, Mr. Daniels includes a request for preliminary injunction. "A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). "To survive the

3

threshold phase, a party seeking a preliminary injunction must satisfy three requirements." *Valencia v. City of Springfield, Illinois*, 883 F.3d 959, 966 (7th Cir. 2018) (internal quotations omitted)). It must show that: (1) "absent a preliminary injunction, it will suffer irreparable harm in the interim period prior to final resolution of its claims"; (2) "traditional legal remedies would be inadequate"; and (3) "its claim has some likelihood of succeeding on the merits." *Id.* Only if the moving party meets these threshold requirements does the court then proceed to the balancing phase of the analysis. *Id.* In the balancing phase, "the court weighs the irreparable harm that the moving party would endure without the protection of the preliminary injunction against any irreparable harm the nonmoving party would suffer if the court were to grant the requested relief." *Id.* If Mr. Daniels wishes to pursue a preliminary injunction, he shall file a separate motion for preliminary injunction addressing the requirements discussed above.

### V. Conclusion and Service of Process

The clerk is directed to terminate Houchins and Medical as defendants on the docket and to add Christina Conyers, Sgt. Jarrod Gray, and Tanya Ashby as defendants. The **clerk is directed** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Regal, Conyers, Gray, and Ashby in the manner specified by Rule 4(d). Process shall consist of the amended complaint (dkt. [18]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Order.

The **clerk is directed** to serve the Indiana Department of Correction employees electronically.

**SO ORDERED.**

Date: 7/25/2022

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RA'MAR DANIELS
104542
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Electronic service to Indiana Department of Correction:

    Warden Regal
    Christina Conyers
    Jarrod Gray
    Tanya Ashby
        (All at Pendleton Correctional Facility)