UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RA'MAR DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02939-JPH-DML |
| | ) |
| DENNIS REGAL, et al., | ) |
| | ) |
| Defendants. | ) |

**Order Denying Motion to Add Claims and Motion for Court to Intervene**

### I.      Motion to Add Claims

Plaintiff Ra'mar Daniels is a prisoner currently incarcerated at Pendleton Correctional Facility. He alleges in this civil action that the defendants failed to protect him from assault by bodily waste on September 14, 2021. He now seeks to add claims against Melissa Bagienski that were dismissed at screening. He argues that she failed to provide proper medical treatment in response to an incident on September 5, 2021, involving another inmate who drugged him and several correctional officers who tasered him when he refused to return to his housing unit. But the events of September 5, 2021, are unrelated to the failure to protect claim proceeding in this action. "Unrelated claims against different defendants belong in different suits." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)). Thus, Mr. Daniels' motion to add additional claims, dkt. [24], is **denied**.

### II. Motion for Court to Intervene

Mr. Daniels' motion for court intervention asks the Court to order an outside medical evaluation of his chest pains, numb toe, hurt hip, and psychological state. He also seeks transfer to a different correctional facility because unnamed staff at his current facility are threatening him

and denying him medical treatment. Mr. Daniels' motion is essentially a motion for preliminary injunction. The Court previously sent him a form motion and told him to use it if he wanted to renew his motion for preliminary injunction. Dkt. 17 at 5.

"A preliminary injunction is an extraordinary equitable remedy that is available only when the movant shows clear need." *Turnell v. Centimark Corp.*, 796 F.3d 656, 661 (7th Cir. 2015). To obtain a preliminary injunction a plaintiff first must show that: "(1) without this relief, [he] will suffer irreparable harm; (2) traditional legal remedies would be inadequate; and (3) [he] has some likelihood of prevailing on the merits of [his] claims." *Speech First, Inc. v. Killen*, 968 F.3d 628, 637 (7th Cir. 2020).

However, the Court will not address the three threshold elements because, as a preliminary matter, a request for injunctive relief must necessarily be tied to the specific claims on which the plaintiff is proceeding. *See Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) ("[T]he purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." (cleaned up)); *see also DeBeers Consol. Mines v. United States*, 325 U.S. 212, 220 (1945) ("A preliminary injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally.").

Mr. Daniels is proceeding on a failure to protect claim, not retaliation and medical care claims. Further, he does not name any defendants in this action as responsible for the alleged retaliation or deliberate indifference. *See Maddox v. Wexford Health Sources, Inc.*, 528 F. App'x 669, 672 (7th Cir. 2013) ("observing that [a]n injunction, like any 'enforcement action,' may be entered only against a litigant, that is, a party that has been served and is under the jurisdiction of the district court") (quoting *Lake Shore Asset Mgmt., Ltd. v. Commodity Futures Trading Comm'n*, 511 F.3d 762, 767 (7th Cir. 2007)). Accordingly, this Court lacks authority to grant the relief

requested, and the motion, dkt. [19], must be **denied**. *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (holding that absent a nexus between underlying claims and request for injunctive relief, district court has no authority to grant injunctive relief) (citing *DeBeers Consol. Mines*, 325 U.S. at 220). Mr. Daniels must pursue his retaliation and medical care claims through the Indiana Department of Correction's grievance process, and, if necessary, by filing a separate lawsuit.

**SO ORDERED.**

Date: 9/16/2022

                                        *James Patrick Hanlon*
                                        James Patrick Hanlon
                                        United States District Judge
                                        Southern District of Indiana

Distribution:

RA'MAR DANIELS
104542
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Brandyn Lee Arnold
INDIANA ATTORNEY GENERAL
brandyn.arnold@atg.in.gov