UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RA'MAR DANIELS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:21-cv-02939-JPH-CSW |
| | ) |
| DENNIS REGAL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Ra'mar Daniels is a prisoner currently incarcerated at Indiana State Prison. He alleges in this civil action that several defendants failed to protect him from assault by bodily waste on September 14, 2021, while he was incarcerated at Pendleton Correctional Facility. Defendants have moved for summary judgment. Dkt. [67]. For the reasons below, that motion is **GRANTED**.

## I.
## Standard of Review

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A court only has to

consider the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573–74 (7th Cir. 2017) (cleaned up).

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325.

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in the movant's fact being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

## II.
## Factual Background

Because Defendants have moved for summary judgment under Rule 56(a), the Court views and recites the evidence in the light most favorable to the non-

moving party and draw[s] all reasonable inferences in that party's favor. *Khungar*, 985 F.3d at 572–73.

In September 2021, Mr. Daniels was housed in G cellhouse, the most secure housing unit at Pendleton. Greathouse Declaration, dkt. 67-1 at 1. Inmates there are housed in single cells, escorted in restraints by two staff members when out of their cells, and kept separate from other inmates at all times. *Id.* at 1-2.

On September 5, 2021, Mr. Daniels submitted a request for protective custody. The request was denied because it did not meet the criteria for protective custody. Dkt. 67-2 at 1. Instead, it vaguely stated that he was not safe and was "alone against the whole population." *Id.* He submitted a grievance on September 10, 2021, stating that all the inmates in G cellhouse were threatening to kill him. The grievance was marked as received on September 14, 2021. He submitted a second grievance on September 13, 2021, more specifically naming several offenders who had threatened to kill him. That grievance was also received on September 14, 2021. *Id.* Neither grievance was signed by a grievance specialist. *Id.*

On September 14, 2021, Mr. Daniels was placed in a small holding cage on the bottom tier of the cellhouse. Daniels Deposition, dkt. 67-3 at 7. An unknown inmate nicknamed "June Bug" was housed in the cell above the holding cage. *Id.* at 7-9. He poured urine from a cup down onto Mr. Daniels in the cage below. *Id.* Mr. Daniels kicked the holding cage door and yelled for officers to get him out of the cage. *Id.* at 10.

3

A correctional officer moved Mr. Daniels to a cell and said she would document the incident in a report, but she did not allow him to shower. *Id.* at 12. Mr. Daniels was able to call his family, and they informed Warden Reagle about the incident, but he did not investigate or take any action in response. Daniels Affidavit, dkt. 75-1 at 10.

Mr. Daniels sued Warden Reagle, Sgt. Jarrod Gray, Caseworker Tanya Ashby, and Grievance Specialist Christina Conyers because they were all aware that Mr. Daniels was being threatened by all the other inmates in G cellhouse and they did not relocate him. Dkt. 75 at 1-2.

### III.
### Discussion

Prison officials have a duty to protect inmates from violent assaults by other inmates. *Farmer v. Brennan, Farmer v. Brennan*, 511 U.S. 825, 833 (1994). They incur liability for the breach of that duty when they were "aware of a substantial risk of serious injury to [an inmate] but nevertheless failed to take appropriate steps to protect him from a known danger." *Guzman v. Sheahan*, 495 F.3d 852, 857 (7th Cir. 2007) (*quoting Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002)); *see also Santiago v. Walls*, 599 F.3d 749, 758–59 (7th Cir. 2010). To succeed on a claim for failure to protect, Mr. Daniels must show that (1) Defendants were aware of a substantial risk of serious injury to him and (2) Defendants acted with deliberate indifference to that risk. *See Farmer*, 511 U.S. at 834, 837; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Damages for "a

4

deliberate indifference claim cannot be predicated merely on knowledge of general risks of violence." *Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir.2000).

The record demonstrates that Mr. Daniels informed staff of general threats to his safety posed by every inmate in G cellhouse. But G cellhouse is the most secure unit at Pendleton. While housed there, Mr. Daniels was assigned to a single cell and all inmates were escorted in restraints by two correctional officers. His vague statements that he was at risk of being killed by all other inmates in G cellhouse could not have alerted any of the Defendants that he was at risk of being assaulted with body fluids by the inmate nicknamed June Bug. And the only grievance he submitted naming particular inmates who were threatening to kill him was not received by the grievance department until the day of the assault. There is no designated evidence that any of the four Defendants had personal knowledge of the contents of that grievance before Mr. Daniels was assaulted. Nor is there any designated evidence that the inmate who assaulted him was one of the inmates named as a threat in the grievance. So no reasonable jury could find that any Defendant was aware of a substantial risk of serious injury to him before he was assaulted with bodily fluids on September 14, 2021. At most, Mr. Daniels made them aware of a general fear that he might be physically attacked or killed by any inmate in G Cellhouse—but general risks of violence are insufficient to survive summary judgment on a failure to protect claim. *Weiss*, 230 F.3d at 1032.

In addition, Mr. Daniels' assertion that Warden Reagle failed to investigate after the incident cannot support his failure to protect claim. There is no

independent constitutional right to an investigation after an assault has occurred. *Garness v. Wisconsin Dep't of Corr.*, 2016 WL 426611, at *2 (W.D. Wis. Feb. 3, 2016) (citing *Whitlock v. Brueggemann*, 682 F.3d 567, 588-89 (7th Cir. 2012); *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).

For these reasons, Defendants are entitled to summary judgment.

## IV.
## Conclusion

Defendants' motion for summary judgment, dkt. [67], is **GRANTED**. Final judgment will issue in a separate entry.

**SO ORDERED.**

Date: 2/20/2024

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RA'MAR DANIELS
104542
INDIANA STATE PRISON
INDIANA STATE PRISON
Electronic Service Participant – Court Only

All electronically registered counsel